IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT SCOTT & <br> LINDA CASORIA-SCOTT, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | ) <br> ) <br> ) <br> ) No. 1:05-cv-02043 (ESH) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**UNITED STATES' MOTION TO DISMISS AMENDED COMPLAINT**

Under Fed.R.Civ.P. 12(b)(1) and (6), the United States respectfully requests that the Court dismiss this action. As grounds for this motion, the United States asserts that plaintiffs have failed to demonstrate that they have exhausted their administrative remedies and have failed to state a claim upon which relief can be granted. Plaintiffs do not allege that they have exhausted their administrative remedies; instead, they assert that they may forego exhausting administrative remedies that are either futile or inadequate. Moreover, plaintiffs have not alleged sufficient facts to demonstrate that they are entitled to any relief.

A supporting memorandum of law and proposed order are filed with this motion.1/

Date: January 30, 2006.

                                                Respectfully submitted,

                                                /s/ Jennifer L. Vozne
                                              JENNIFER L. VOZNE
                                              Trial Attorney, Tax Division
                                              U.S. Department of Justice
                                              Post Office Box 227
                                              Ben Franklin Station
                                              Washington, D.C.  20044
                                              Phone/Fax:  (202) 307-6555/514-6866
                                              Email: Jennifer.L.Vozne@usdoj.gov

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

---

    1/   The United States is simultaneously filing a Notice of Related Cases, listing 43 cases which, save for the identity of the plaintiffs, are identical, or nearly identical, to plaintiffs' complaint.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT SCOTT & <br> LINDA CASORIA-SCOTT, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | ) <br> ) <br> ) <br> ) No. 1:05-cv-02043 (ESH) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF UNITED STATES' MOTION TO DISMISS AMENDED COMPLAINT**

Plaintiffs seek damages under 26 U.S.C. § 7433, but they have not demonstrated that they have exhausted their administrative remedies, thus depriving this Court of jurisdiction over their claim. Further, plaintiffs' voluminous and vague allegations fail to state a claim upon which relief can be granted. Therefore, the Court should dismiss plaintiffs' amended complaint.

This Court Lacks Subject-Matter Jurisdiction

This Court does not have jurisdiction over plaintiffs' section 7433 claim because they have failed to demonstrate that they have exhausted their administrative remedies as is required before the United States' sovereign immunity is waived. On the contrary, plaintiffs state that they may forego exhausting administrative remedies that are either futile or inadequate. (Am.

Compl. ¶ 6.)

The United States can only be sued where it has expressly consented to suit. United States v. Dalm, 494 U.S. 596, 608 (1990); United States v. Testan, 424 U.S. 392, 399 (1976). "It has long been established ... that the United States, as sovereign, 'is immune from suit save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" Testan, 424 U.S. at 399, quoting United States v. Sherwood, 312 U.S. 584, 586 (1941). Moreover, the party bringing suit must show that the United States has unequivocally waived its sovereign immunity. McGuirl v. United States, 360 F.Supp.2d 125, 128 (D.D.C. 2004) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 182-183 (1936); West v. F.A.A., 830 F.2d 1044, 1046 (9th Cir. 1987). Section 7433 of the Internal Revenue Code (26 U.S.C.) provides the predicates for the United States' waiver of sovereign immunity with respect to suits for wrongful collection actions. The Court lacks jurisdiction over the plaintiffs' claims because the predicates of section 7433 have not been met.

Under section 7433(a), prior to bringing a suit in federal district court for damages for the unauthorized collection of taxes, taxpayers must exhaust their administrative remedies. 26 U.S.C. § 7433(a). Section 7433 provides that

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly, intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432 [not applicable to plaintiffs' suit] such action shall be the exclusive remedy for recovering damages resulting from such actions.

26 U.S.C. § 7433(a).  "A judgment for damages shall not be awarded under [7433] subsection (b) *unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.*"  26 U.S.C. § 7433(d)(1) (emphasis added).

The Secretary of the Treasury has promulgated regulations governing the administrative claim for damages under section 7433.  See 26 C.F.R. § 301.7433-1(e).  The regulations provide that

> *An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages, as defined in paragraph (b) of this section [7433] shall be sent in writing* to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides.

26 C.F.R. § 301.7433-1(e)(1) (emphasis added).  The taxpayer must send a written administrative claim for damages to the area director in the district in which the taxpayer lives and include the following: (1) the grounds for the claim; (2) a

description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonably foreseeable; and (4) the signature of the taxpayer.  26 C.F.R. § 301.7433-1(e)(1) and (2). Failure to comply with this regulation deprives a court of jurisdiction.  See McGuirl v. United States, 360 F.Supp.2d 125, 128 (D.D.C. 2004); Venen v. United States, 38 F.3d 100, 103 (3d Cir. 1994); Conforte v. United States, 979 F.2d 1375 (9th Cir. 1992).

    Here, plaintiffs have not alleged that they filed a written claim with the area director which complies with the requirements of the regulations.  Instead, they state that they are entitled to "forego exhausting administrative remedies that are either futile or inadequate."  (Am. Compl. ¶ 6.)  Therefore, plaintiffs have not met their burden to prove they exhausted their administrative remedies.  Indeed, it can be inferred from plaintiffs' statement that they did not exhaust their administrative remedies, deeming such administrative remedies either futile or inadequate. Because plaintiffs have not met their burden to prove exhaustion of administrative remedies, this Court does not have jurisdiction over plaintiffs' section 7433 claim, and the Court should dismiss plaintiffs' amended complaint.

Plaintiffs Have Failed to State a Claim

    Plaintiffs purport to state a claim for damages under 26 U.S.C. § 7433, and

seek unspecified damages.  (Am. Compl. ¶¶ 31, 32.)  Plaintiffs' complaint is legally insufficient, and should be dismissed under Fed.R.Civ.P. 12(b)(6).  Section 7433 permits a taxpayer to bring a civil action for damages against the government "[i]f, in connection with the collection of federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally disregards any provision of the [Internal Revenue Code] or any regulation promulgated" thereunder.  26 U.S.C. § 7433.

Under Rule 8(a), a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a).  But, here, there are no facts in the plaintiffs' complaint to support a claim for damages 2/, and thus, this Court should conclude that they have not in fact stated such a claim.  For example, plaintiffs do not state what specific tax years are at issue, the type of tax, or the amount in dispute.  In fact, no facts are alleged which establish that "any officer or employee of the [IRS] recklessly or intentionally disregard[ed] any provision of the [Code]."  26 U.S.C. § 7433.  Because plaintiffs

---

2/ Indeed, the only argument presented by plaintiffs – Internal Revenue Service must use Form 23C to record assessment  – has been rejected.  Courts recognize that the Service is using computerized RACS Reports-006 as an equivalent to the manually prepared Form 23C.  See Roberts v. Comm'r, 118 T.C. 365, 370-71 (2002) (citing Kruger v. United States, 2001 WL 1179412 (D. Nev. 2001)); see also Kruger v. Internal Revenue Service, 1999 WL 907539 (D. Nev. 1999).

have failed to state a claim upon which relief can be granted, this Court should dismiss this case.

## CONCLUSION

This Court does not have subject-matter jurisdiction over plaintiffs' claims for damages because plaintiffs' have failed to prove that they exhausted their administrative remedies.  Further, plaintiffs have failed to state a claim for damages.  For all these reasons, the Court should dismiss this action.

DATED:     January 30, 2006.

>Respectfully submitted,
>
>/s/ Jennifer L. Vozne
>JENNIFER L. VOZNE
>Trial Attorney, Tax Division
>U. S. Department of Justice
>Post Office Box 227
>Ben Franklin Station
>Washington, DC 20044
>Phone/Fax: (202) 307-6555/514-6866
>Email: Jennifer.L.Vozne@usdoj.gov

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney