UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBERT SCOTT,
LINDA CASORIA-SCOTT,

              Plaintiffs,

     v.                             Civil Action No. 05-2043 (ESH)

UNITED STATES,

              Defendant.

## MEMORANDUM OPINION AND ORDER

      Plaintiffs Robert Scott and Linda Casoria-Scott bring this suit for damages against the United States alleging violations of the Internal Revenue Code by agents of the Internal Revenue Service ("IRS") in the assessment and collection of taxes from them. Currently before the Court is the government's Motion to Dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and failure to state a claim under Fed. R. Civ. P. 12(b)(6), and plaintiffs' Motion for Sanctions Under Fed. R. Civ. P. 11(b). For the reasons discussed below, the Court will deny plaintiffs' motion and dismiss the case without prejudice.

### BACKGROUND

      Plaintiffs are proceeding *pro se*. They first filed their complaint on October 14, 2005. Upon review of the complaint, the Court ordered plaintiffs to show cause as to why venue was proper in the District of Columbia. *Scott v. United States*, No. 05-2043, Order (D.D.C. Dec. 28, 2005). Instead, plaintiffs filed an unopposed Motion to Amend their complaint. The amended complaint alleges that between 1997 and the present, "in connection with the collection of federal

tax," agents of the Internal Revenue Service ("IRS") "recklessly, intentionally, or by reason of negligence disregarded [several] provisions" of the Internal Revenue Code, 26 U.S.C. §§ 1 *et seq*, and accompanying regulations. (Am. Compl. ¶ 7.) The government filed a Motion to Dismiss on January 27, 2006, arguing that plaintiffs failed to exhaust his administrative remedies. (Def.'s Mot. at 3.) On January 30, 2006, the Court ordered plaintiffs to respond to the government's motion by February 15, 2006 and to "explain how [they had] 'exhausted all [their] administrative remedies,'" under the applicable regulations, including attaching any relevant documentation. *Scott v. United States*, No. 05-2084, Order (D.D.C. January 30, 2006) (*hereinafter* "Jan. 30 Order") (quoting Pl.'s Aff. ¶ 10). As required for *pro se* litigants under *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), the Court informed plaintiffs that failure to respond could result the Court granting defendant's motion and dismissing the case. *Id*. In response, plaintiffs filed an Objection to Defendant's Motion ("Pl.'s Opp.") and a Motion for Sanctions ("Pl.'s Mot.") against defense counsel, arguing that the Motion to Dismiss was frivolous, lacking good faith, and filed solely for purposes of delay. (Pl.'s Mot. ¶ 1; Pl.'s Opp. ¶ 1.) Plaintiffs' opposition and motion are virtually identical.[1] After reviewing the filings of both parties, the Court finds that it lacks jurisdiction because plaintiffs have failed to demonstrate compliance with the exhaustion requirements of the Internal Revenue Code and regulations promulgated pursuant thereto.

---

[1] The only difference between plaintiffs' motion and opposition is the revision of paragraph 15 and the addition of paragraph 16 in the opposition, which incorporate legal citations not included in the motion.

## ANALYSIS

Plaintiffs argue that jurisdiction properly lies in this Court under 26 U.S.C. § 7433, which provides:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly, intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

26 U.S.C. § 7433(a). With respect to exhaustion, the statute states that "a judgment for damages shall not be awarded under [§ 7433] unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." *Id*. § 7433(d)(1).

The IRS has established by regulation the procedure by which a taxpayer may pursue a claim under § 7433. *See* 26 C.F.R. § 301.7433-1. These regulations make clear that an "action for damages filed in federal district court may not be maintained unless the taxpayer has filed an administrative claim pursuant to . . . this section." *Id*. § 301.7433-1(a). In order to properly file an administrative claim, a taxpayer must write to the "Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides." *Id*. § 301.7433-1(e)(1). The regulations spell out with specificity the information that must be provided to the Area Director, including, *inter alia*, the "grounds, in reasonable detail, for the claim;" a "description of the injuries incurred;" and the "dollar amount of the claim, including any damages that have not yet been incurred but which are reasonably foreseeable." *Id*. § 301.7433-1(e)(2)(ii) - (iv). The taxpayer is further required to provide any "substantiating documentation" supporting his claim.

*Id*. A civil action in federal district court cannot be maintained until either the IRS rules on the claim, or six months passes without a decision by the IRS on a properly filed claim. *Id*. § 301.7433-1(d)(i)-(ii). Failure to comply with the this regulation deprives the federal district court of jurisdiction. *See Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994); *McGuirl v. United States*, 360 F. Supp. 2d 125, 128 (D.D.C. 2004).

In the complaint, plaintiffs do no more than assert that they "may forego exhausting administrative remedies that are either futile or inadequate . . . or when agency action exceeds statutory authorization." (Compl. ¶ 6.) Regardless of whether this conclusory statement is correct, plaintiffs fail to allege any facts that demonstrate futility or that the agency has exceeded its statutory authorization. *See Cooper v. United States*, No. 05-1192, Order at 3 n.2 (D.D.C. Dec. 8, 2005) (recognizing, in a virtually identical case ultimately dismissed for lack of venue, that plaintiffs' failure to allege sufficient facts in support or to establish exhaustion doomed his § 7433 claim). Plaintiffs allege that they have "exhausted administrative remedies in that [they have] written numerous requests for documents and authorities which require responses from the IRS," and that the "IRS has failed and/or refused to respond or has responded with frivolous responses." (Compl. ¶ 9.) The government asserts in its Motion to Dismiss, however, that plaintiffs have not filed a written claim in accordance with the terms of 26 C.F.R. § 301.7433-1(e). (Def.'s Mot. at 5.) Despite the Court's explicit instructions to plaintiffs to explain how they exhausted their administrative remedies and provide "all documentation reflecting the filing of a claim as described" by the regulations (Jan. 30 Order at 1), plaintiffs' response to defendant's motion provides no additional detail beyond that included in the complaint.

Rather, plaintiffs contends that the government knowingly misrepresented the law

regarding exhaustion such that the Court should impose sanctions under Fed. R. Civ. P. 11, and that the IRS has failed to provide plaintiffs with a "summary record of assessment" as required by the regulations promulgated under 26 U.S.C. § 6203. (Pl.'s Opp. at 2-3, 5.)  Neither argument has merit.  With respect to the first, the Court can discern no misrepresentation on the part of the government regarding the exhaustion requirement, much less one that would mandate sanctions.  Moreover, even if plaintiffs had grounds for a Rule 11 motion, which they do not, the Court would still deny the motion because plaintiffs failed to comply with Rule 11's 21-day notice requirement before filing.  Fed. R. Civ. P. 11.  Second, plaintiffs' assertions regarding the IRS's obligations under § 6203 are completely irrelevant to the question of whether plaintiffs have complied with the exhaustion requirement found in § 7433.  In the absence of even an assertion by plaintiffs, much less any corroborating evidence, that they have complied with the statutory exhaustion requirement, the Court has no choice but to find that 26 U.S.C. § 7433(d)(1) deprives it of subject matter jurisdiction over plaintiffs' claim.

Accordingly, it is hereby **ORDERED** that defendant's Motion to Dismiss [#8] is **GRANTED**, plaintiffs' Motion for Sanctions [#12] is **DENIED** and the above-captioned complaint be dismissed without prejudice.

                                        s/
                              ELLEN SEGAL HUVELLE
                              United States District Judge

DATE:    February 27, 2006