IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT SCOTT & <br> LINDA CASORIA-SCOTT <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | ) <br> ) <br> ) <br> ) No. 1:05-cv-02043 (ESH) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM IN OPPOSITION TO PLAINTIFFS'
MOTION FOR RELIEF FROM ORDER OF DISMISSAL
UNDER FED. R. CIV. P. 60(b)(3) & (6)**

This is a civil action in which plaintiffs alleged that, beginning with tax year 2001, the Internal Revenue Service disregarded various provisions of the Internal Revenue Code. Plaintiffs sought a refund of all taxes paid in, damages for alleged "wrongful collection," and injunctive relief respecting further federal tax collection against them.

STATEMENT & DISCUSSION

1. <u>Background</u>. Plaintiffs Robert Scott and Linda Casoria-Scott filed a 17-page complaint for damages, injunctive, and declaratory relief on October 14, 2005. (PACER #1.) On January 30, 2006, plaintiffs filed an amended complaint for damages and declaratory relief respecting federal taxes. (See PACER ##4.1 & 11; Minute Order of Jan. 30, 2006.) The United States moved to dismiss the amended complaint on the same date. (PACER # 8.) On February 27, 2006, the Court dismissed the amended complaint, and the order of dismissal was entered by the Clerk on the same day. (*See* PACER # 15.)

2. <u>Plaintiffs' rule 60 motion</u>.  On March 12, 2007, plaintiffs filed a motion for "relief from the Order *** dismissing the above-captioned action on the basis that said Order was obtained by means specified in Fed. R. Civ. P. 60(b)(3) and (6)."  (Pltfs.' Mot. for Relief from Order of Dismissal Under Fed. R. Civ. P. 60(b)(3), (6) at 1.)  The motion seeks to vacate the Court's order of dismissal issued and entered on February 27, 2006.  (*Id*. at 6.)

3. <u>Plaintiffs' rule 60(b)(3) motion is untimely</u>.  A motion for relief from judgment under Fed. R. Civ. P. 60(b)(3) must be filed no later than one year after entry of the order from which relief is sought.  Fed. R. Civ. P. 60(b); *Baltia Air Lines, Inc. v. Transaction Management, Inc.*, 98 F.3d 640, 642 (D.C. Cir. 1996).  The order from which plaintiffs' seek relief was entered on February 27, 2006.  Plaintiffs' motion under rule 60(b)(3) was filed on March 12, 2007, more than one year after the entry of the order of dismissal.  Consequently, plaintiffs' motion is untimely.

4. <u>Plaintiffs' rule 60(b)(6) motion is baseless</u>.  Relief under Fed. R. Civ. P. 60(b)(6) should only be sparingly granted.  *Computer Professionals for Social Responsibility v. Secret Service*, 72 F.3d 897, 903 (D.C. Cir. 1996).  The rule applies only to extraordinary circumstances.  *Id*.  Moreover, the rule cannot be used to circumvent the one-year time limitation of rule 60(b)(1), (2), and (3), because it applies only to

> "any other reason justifying relief ***."  *** The courts have universally interpreted "other" to mean other than the reasons specified in subsections 60(b)(1) – 60(b)(5) ***.

*Baltia Airlines*, 98 F.3d at 642 (emphasis in original).  Nevertheless, when a party timely presents a previously undisclosed fact so central to the litigation that it shows the initial

judgment to have been manifestly unjust, reconsideration under rule 60(b)(6) may be proper.  *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980).

Plaintiffs present six arguments in support of their motion for reconsideration.  None specifies whether it is in support of rule 60(b)(3) or (6).  But it is clear from plaintiffs' papers that five of the six are presentations of purely legal arguments.  (*See* Pltfs.' Mot. for Relief from Order of Dismissal Under Fed. R. Civ. P. 60(b)(3), (6) at 2, 5, 6, 7.)1/  Plaintiffs present only one new fact—they assert that they have now exhausted their administrative remedies by filing a claim with the Internal Revenue Service.  (*See* Pltfs.' Mot. for Relief from Order of Dismissal Under Fed. R. Civ. P. 60(b)(3), (6) at 15.)

This is not "a previously undisclosed fact so central to the litigation that it shows the initial judgment to have been manifestly unjust."  The point of the earlier judgment was that plaintiffs had not, at that time, exhausted their administrative remedies.  To be sure, that fact *may have changed* in the more than one year since their case was dismissed.  But a *subsequent change in circumstances* is not a fact that justifies opening a settled judgment more than one year later, under rule 60(b)(6) or any other rule.2/

---

1/These legal questions are:  1) did the United States misrepresent the status of the Court's subject matter jurisdiction (p. 2); 2) did plaintiffs adequately demonstrate their exhaustion of administrative remedies under the notice pleading regime of the federal courts (p. 2); 3) were plaintiffs' notice pleadings sufficient to establish a presumption of a pattern of unlawful activity (p. 5); 4) did the United States "read into" section 7433 an exhaustion requirement that was not in the statute (p. 6); and 5) is 26 U.S.C. § 301.7433-1 a valid regulation (p. 7)?

2/That is not to say plaintiffs have no recourse.  They can simply file a new case, since the prior dismissal was without prejudice.  One might hope that in the event plaintiffs do file a new case, they will file it in the district of their residence.

CONCLUSION

It is the position of the United States that plaintiffs' motion under Fed. R. Civ. P. 60(b)(3) & (6) should be denied.

DATE: March 13, 2007.

                    Respectfully submitted,

                    /s/ Michael J. Salem
                    MICHAEL J. SALEM
                    Trial Attorney, Tax Division
                    U.S. Department of Justice
                    Post Office Box 227
                    Washington, DC 20044
                    Phone/Fax: (202) 307-6438/514-6866

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing United States' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR RELIEF FROM ORDER OF DISMISSAL UNDER FED. R. CIV. P. 60(b)(3) & (6) was caused to be served upon plaintiffs *pro se* on the 13th day of March, 2007, by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

> ROBERT SCOTT
> LINDA CASORIA-SCOTT
> Plaintiffs *pro se*
> 1796 Augusta Drive West
> Mobile, AL  36695.

> /s/ Michael J. Salem
> MICHAEL J. SALEM