UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ROBERT SCOTT,** *et al.*,<br><br>                         **Plaintiffs,**<br><br>         v.<br><br>**UNITED STATES,**<br><br>                         **Defendant.** | Civil Action No. 05-02043 (ESH) |

**MEMORANDUM OPINION AND ORDER**

In this suit, plaintiffs seek a tax refund, damages, and injunctive relief based on their claim that the Internal Revenue Service ("IRS") wrongfully collected taxes from them. On February 27, 2006, finding that plaintiffs had failed to exhaust their administrative remedies as required under 26 U.S.C. § 7433, this Court dismissed their suit. *See Scott v. United States*, 416 F. Supp. 2d 116, 119 (D.D.C. 2006). Plaintiffs now move for relief from the Court's Order under subsections (b)(3) and (b)(6) of Federal Rule of Civil Procedure 60. For the reasons explained herein, plaintiffs' motion will be denied.

A motion for relief from judgment under subsection (b)(3) must be filed no later than one year after entry of the order from which relief is sought. Fed. R. Civ. P. 60(b); *Baltia Air Lines, Inc. v. Transaction Mgmt., Inc.*, 98 F.3d 640, 642 (D.C. Cir. 1996). Here, plaintiffs' motion for relief was not filed until March 12, 2007. Thus, because plaintiffs did not file their motion within one year of the Court's Order, they cannot obtain relief subsection (b)(3).

Under subsection (b)(6), the "catchall" provision of Rule 60, the Court may award plaintiffs relief for any reason *other* than the reasons specified in subsections (b)(1)–(b)(5). *See*

Fed. R. Civ. P. 60(b)(6) (providing that, in addition to the reasons specified in subsections (b)(1)–(b)(5), courts may award relief for "any other reason"); *Baltia Air Lines*, 98 F.3d at 642 ("The courts have universally interpreted 'other' to mean other than the reasons specified in subsections 60(b)(1)–60(b)(5)."). Accordingly, although motions for relief pursuant to subsection (b)(6) may be made "within a reasonable time," plaintiffs may not use subsection (b)(6) to circumvent the one-year time limitation for motions pursuant to subsection (b)(3). *See id.* ("To interpret 60(b)(6) any other way would make the time limitations on motions under 60(b)(1)–(3) meaningless.").

Plaintiffs may obtain relief under subsection (b)(6) by "timely present[ing] a previously undisclosed fact so central to the litigation that it shows the initial judgment to have been manifestly unjust." *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980). Here, however, plaintiffs have presented no such fact. Of the six arguments that plaintiffs have offered in support of their motion, five are purely legal. Their sixth argument is factual: they contend that, after this Court issued the Order from which they now seek relief, they exhausted their administrative remedies by filing a "Verified Administrative Claim" with the IRS to which they have received no response. Assuming *arguendo* that plaintiffs have exhausted their administrative remedies as they claim, such exhaustion is a *new* fact, not a "previously undisclosed fact" that could have affected the Court's initial judgment. Thus, plaintiffs cannot obtain relief under subsection (b)(6).

For the foregoing reasons, plaintiffs' "Motion for Relief from Order of Dismissal under Fed. R. Civ. P. 60(b)(3), (6)" [Dkt. 17] is **DENIED**.

                                                   _____s/_____
                                                   ELLEN SEGAL HUVELLE
                                                   United States District Judge

Date: April 13, 2007