IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT SCOTT & <br> LINDA CASORIA-SCOTT ) <br>  ) <br> Plaintiffs, ) <br>  ) <br> v. ) <br>  ) <br> UNITED STATES, ) <br>  ) <br> Defendant. ) | No. 1:05-cv-02043 (ESH) |

**MEMORANDUM IN OPPOSITION TO PLAINTIFFS'
MOTION FOR RECONSIDERATION OF THE COURT'S
ORDER DENYING RELIEF FROM ORDER OF DISMISSAL
UNDER FED. R. CIV. P. 60(b)(3) & (6)**

This is a civil action in which plaintiffs alleged that, beginning with tax year 2001, the Internal Revenue Service disregarded various provisions of the Internal Revenue Code. Plaintiffs sought a refund of all taxes paid in, damages for alleged "wrongful collection," and injunctive relief respecting further federal tax collection against them.

STATEMENT & DISCUSSION

1. <u>Background</u>. Plaintiffs Robert Scott and Linda Casoria-Scott filed a 17-page complaint for damages, injunctive, and declaratory relief on October 14, 2005. (PACER #1.) On January 30, 2006, plaintiffs filed an amended complaint for damages and declaratory relief respecting federal taxes. (See PACER ##4.1 & 11; Minute Order of Jan. 30, 2006.) The United States moved to dismiss the amended complaint on the same date. (PACER # 8.) On February 27, 2006, the Court dismissed the amended complaint,

and the order of dismissal was entered by the Clerk on the same day.  (*See* PACER # 15.)

    2.  <u>Plaintiffs' rule 60 motion</u>.  More than one year later, on March 12, 2007, plaintiffs filed a motion for "relief from the Order *** dismissing the above-captioned action on the basis that said Order was obtained by means specified in Fed. R. Civ. P. 60(b)(3) and (6)."  (Pltfs.' Mot. for Relief from Order of Dismissal Under Fed. R. Civ. P. 60(b)(3), (6) at 1 [PACER #17].)  The motion sought to vacate the Court's order of dismissal issued and entered on February 27, 2006.  (*Id*. at 6.)  The United States opposed the motion as untimely and as lacking legal or factual support.  (U.S. Memo. in Opp. to Pltfs.' Mot. for Relief from Order of Dismissal Under Fed. R. Civ. P. 60(b)(3) & (6) [PACER #18].)  The Court denied the motion.  Memorandum Opinion & Order of Apr. 13, 2007 (PACER #19).

    3.  <u>Plaintiffs' motion for reconsideration</u>.  Plaintiffs have now moved the Court to reconsider it Order of April 13, 2007, denying their motion for relief under Fed. R. Civ. P. 60(b)(3) & (6).  As grounds for the motion, plaintiffs assert that their rule 60 motion was filed only 12 days late, that the United States was not prejudiced thereby, and that "[t]his court has on many occasions allowed defendant to file an answer to several complaints as much as 30 days after the date set certain for answer."  (Pltfs.' Motion for Reconsideration ¶¶ 3, 5, 4.)

    4.  <u>Plaintiffs' rule 60(b)(6) motion was denied on the merits</u>.  First, plaintiffs' motion for reconsideration completely ignores the fact that their motion, insofar as it sought relief under rule 60(b)(6), was denied on the merits, not because it was untimely.  A motion under rule 60(b)(6) can be filed within a reasonable time after the judgment

order from which it seeks relief. Fed. R. Civ. P. 60(b). Rather than denying the rule 60(b)(6) motion as untimely, the Court denied the motion because it failed to present any "previously undisclosed fact" on which relief under rule 60(b)(6) could be based. Order of April 13, 2007 at 2. Thus, plaintiffs' latest motion presents no grounds for reconsidering the Court's denial of their rule 60(b)(6) motion.

     5. <u>The Court cannot enlarge the time for filing a motion under rule 60(b)(3)</u>. As for plaintiffs' rule 60(b)(3) motion, the Court lacks power to enlarge the time for filing such a motion. Fed. R. Civ. P. 6(b) (district court "may not extend the time for taking any action under Rule[] *** 60(b) ***"); *Pinion v. Dow Chemical, U.S.A.*, 928 F.2d 1522, 1525 (11th Cir. 1991); *In re STN Enterprises, Inc.*, 99 B.R. 218, 219 (D. Vt. 1989). Therefore, *even if* the United States would not be prejudiced by the late filing, *even if* "[t]his court has on many occasions allowed defendant to file an answer to several complaints as much as 30 days after the date set certain for answer," and *even if* the Court were inclined to enlarge plaintiffs' time for filing their baseless rule 60(b)(3) motion, the Court cannot do so.<u>*</u>/

---

     <u>*</u>/It is noteworthy that plaintiffs evidence their knowledge of the "several complaints" to which they refer. As of this date, the United States is aware of 123 complaints filed in this district, similar to plaintiffs', based on identical legal theories and utilizing a similar pleading template. The United States, contrary to plaintiffs' casual assertion, has not filed an answer in any of these 124 cases. Instead, the United States has filed motions to dismiss in all 113 cases to which it has responded thus far. Of those 113 cases, 92 cases have been dismissed and motions in 21 cases are pending decision. The United States suggests that plaintiffs should consider these facts before attempting further proceedings along these lines, not only because of the waste of time and money these proceedings necessarily involve, but because the Courts may tire of their repetitious, baseless, and vexatious filings.

CONCLUSION

It is the position of the United States that plaintiffs' motion for reconsideration of the Court's Order of April 13, 2007, denying relief under Fed. R. Civ. P. 60(b)(3) & (6), should be denied.

DATE: May 8, 2007.

Respectfully submitted,

/s/ Michael J. Salem
MICHAEL J. SALEM
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044
Phone/Fax: (202) 307-6438/514-6866

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing United States' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING RELIEF FROM ORDER OF DISMISSAL UNDER FED. R. CIV. P. 60(b)(3) & (6) was caused to be served upon plaintiffs *pro se* on the 8th day of May, 2007, by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

>ROBERT SCOTT
>LINDA CASORIA-SCOTT
>Plaintiffs *pro se*
>1796 Augusta Drive West
>Mobile, AL  36695.

>/s/ Michael J. Salem
>MICHAEL J. SALEM